STATE OF NEBRASKA, APPELLEE, v. BILL HILDERBRAND, APPELLANT.

226 N. W. 2d 353

Filed February 27, 1975. No. 39702.

Wade H. Ellis, for appellant.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was sentenced to imprisonment for 2 to 6 years for possession of a forged check with intent to defraud. He has appealed and contends the sentencing procedure was erroneous and the sentence was excessive.

The check involved in this case was for $20. It was dated August 16, 1971, and drawn on the account of Webb Richard in the Bank of Hyannis. The check was cashed at Ranchland Conoco of Hyannis, Nebraska.

The defendant was originally charged with uttering the forged check. On September 27, 1973, the defendant was arraigned before Judge Stuart. The information was amended at that time to charge possession of a forged check. The defendant entered a plea of guilty and his bond was continued. On November 17, 1973, the defendant was notified to appear for sentencing on December 27, 1973.

On December 26, 1973, the defendant was arrested in Oklahoma for driving while intoxicated. When the defendant failed to appear for sentencing a bench warrant was issued. After completing his sentence in Oklahoma, the defendant waived extradition and was returned to Nebraska. Sentence was imposed on May 22, 1974, by Judge Windrum. There is no requirement that the ar-

raignment and the sentencing hearing be conducted by the same District Judge.

After accepting the defendant's plea of guilty on September 27, 1973, the trial court ordered a presentence report be prepared by the district probation office. A report dated November 9, 1973, was prepared by the chief adult probation officer and a copy of the report was forwarded with the record in this case as provided in Rule 7h of the Rules of the Supreme Court, 1974. The record shows the report was available at the time of the sentencing hearing and was examined by both the trial court and counsel for the defendant. Contrary to the contention of the defendant, the record shows compliance with section 29-2261, R. S. Supp., 1972, and State v. Jackson, 192 Neb. 39, 218 N. W. 2d 430.

Section 28-602, R. R. S. 1943, provides a penalty of imprisonment for 6 months to 10 years and a fine of not to exceed $1,000 for possession of a forged instrument. The defendant has a conviction record of at least 5 felonies and 13 misdemeanors, including some crimes of violence. Under these circumstances the sentence was not excessive.

The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., dissenting as to sentence.

To sentence an alcoholic to 2 to 6 years imprisonment for possession of a forged $20 check, in my opinion, is excessive. It may be appropriate to repeat the comment that the punishment does not fit the crime although it may fit the defendant.