STATE OF NEBRASKA, APPELLEE, V. ANDREW CLARK,
APPELLANT.

350 N.W.2d 521

Filed May 25, 1984.   No. 83-298.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Michaela M. White, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Andrew Clark appeals from the sentence imprisoning him for a term of not less than 3 nor more than 4 years upon a plea of guilty to a robbery charge. We affirm.

On June 3, 1978, Clark, Ingreat Swift, and one

Kirby were driving around Omaha entertaining themselves by drinking a case and a half of beer and four or five fifths of wine. The trio pulled into a service station, where Swift left the car and helped the attendant service the car. While the car was being serviced, Kirby and Clark decided to rob the cashier. Clark accomplished the plan by pointing a toy pistol at the cashier and relieving her of $110, $40 of which he kept and $70 of which was given to Swift and Kirby. Clark and Swift were arrested a few days later. Swift was charged with and convicted of being an accessory after the fact and sentenced to 30 days in jail.

On September 14, 1978, Clark entered a plea of guilty to a charge of robbery in return for the dropping of an additional charge of using a firearm to commit a felony. Before accepting Clark's guilty plea, the district court judge informed Clark that he was charged with robbery and that a guilty plea entailed a waiver of his right to a jury trial, to subpoena witnesses, and to have a trial with assistance of counsel. The judge also informed Clark that the penalty upon conviction of armed robbery was a prison term of at least 3 years, up to a maximum term of 50 years. Neb. Rev. Stat. § 28-414 (Reissue 1975). After convincing himself that Clark's plea was a voluntary and intelligent one, the judge found Clark guilty. Clark failed to appear for his sentencing hearing.

Over 4 years later Clark was arrested and later convicted of third degree assault upon a female acquaintance. He received a 40-day jail term. At the time of his arrest he informed police that there was an outstanding warrant for his arrest as the result of his failure to appear at the sentencing hearing on the robbery charge.

On April 8, 1983, Clark appeared before another judge of the district court for his long-delayed sentencing on the robbery conviction. The penalty for robbery, a Class II felony, was changed, effective

January 1, 1979, to not less than 1 nor more than 50 years' imprisonment, Neb. Rev. Stat. §§ 28-324 and 28-105 (Reissue 1979), instead of the previous 3 to 50 years, which was in effect at the time of Clark's guilty plea in 1978.

Clark's first assignment of error, that his plea was not made intelligently and voluntarily, raises three distinct issues. The first issue is whether the rule of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), should be given retroactive effect to the time when Clark entered his guilty plea in 1978. In *Tweedy* we stated:

> [N]o defendant may be imprisoned for any offense, whether a traffic infraction, misdemeanor, or felony, absent a knowing and intelligent waiver of his rights as provided for by the *Boykin-Turner* rule. That means that such defendants are entitled to be informed of the nature of the charges against them, the right to assistance of counsel, the right to confront witnesses against them, the right to a jury trial where otherwise authorized, and the privilege against self-incrimination. A voluntary and intelligent waiver of these rights must affirmatively appear from the record.
>
> We realize that this holding may place some additional burdens on some of the municipal and county courts which have not heretofore followed this procedure. Therefore, the rule announced today is to be applied prospectively only, i.e., to guilty pleas taken after the date of the issuance of the mandate in this case.

209 Neb. at 654-55, 309 N.W.2d at 98.

In *Solem v. Stumes*, ____ U.S. ____, 104 S. Ct. 1338, 79 L. Ed. 2d 579 (1984), the issue was whether the rule of *Edwards v. Arizona*, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981), that once a criminal suspect has requested an attorney, any subsequent conversation between the suspect and interrogating police officers must be initiated by the suspect,

would be given retroactive effect. The U.S. Supreme Court refused to give retroactive application to the rule, recognizing that such application was not constitutionally compelled. Nonetheless, the Court indicated that retroactive application of a new rule of law is appropriate when it is aimed at enhancing the accuracy of criminal trials, when there has not been justifiable reliance on a prior rule of law, and when retroactive application will not have a disruptive effect on the administration of justice.

In the present case the specific waiver of rights required by *Tweedy* adds nothing to the factual determination of Clark's guilt. *Tweedy* was not aimed at the evil of mistaken determinations of guilt, but at the uninformed relinquishment of constitutional rights. It is also clear that the procedure used by the district court in accepting Clark's guilty plea was one based upon justifiable reliance. In *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), we specifically rejected the interpretation of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), which we later adopted in *Tweedy*. As to whether the retroactive application of *Tweedy* would have a disruptive effect upon the administration of justice, there is no doubt that the answer must be an affirmative one. We can only guess at the number of persons incarcerated or otherwise under the control of the Department of Correctional Services upon their own plea of guilty who would need to be rearraigned. Clark argues that the retroactive application of the rule should be limited only to those few persons who were arraigned prior to *Tweedy* and sentenced afterwards. We see no rationale upon which such limited retroactive application could be based. Therefore, the *Tweedy* rule is not to be applied retroactively to guilty pleas accepted by any of the courts of this state before the date upon which the *Tweedy* mandate was issued, August 31, 1981.

The second issue raised by Clark's first assignment is whether his arraignment was conducted

within the procedural guidelines of *State v. Turner*, *supra*. In *Turner* we embraced the ABA Standards Relating to Pleas of Guilty (Approved Draft 1968) as the minimal procedure to be used in accepting guilty pleas. Those standards provide in relevant part:

1.4   Defendant to be advised by court.

The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

(a)   determining that he understands the nature of the charge;

(b)   informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and

(c)   informing him:

(i)   of the maximum possible sentence on the charge, including that possible from consecutive sentences;

(ii)   of the mandatory minimum sentence, if any, on the charge; and

(iii)   when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment.

In regard to these standards Clark contends that he was not adequately informed of the nature of the charges when the judge merely stated that he was charged with robbery. Clark contends that the very minimal procedure which would satisfy this requirement is a reading of the information. We do not think this case requires the announcement of such a rule. Clark was not facing numerous charges for conduct occurring on various occasions. As the record reflects, Clark was facing trial on one incident, and only one incident, and had discussed the matter with his attorney. We think the record fairly estab-

lishes that Clark was adequately informed of the nature of the charge to which he was pleading.

The third issue raised by Clark's first assignment concerns the effect, if any, the statutory penalty change for robbery had upon the voluntariness of Clark's plea.

On previous occasions we have held that misinforming the defendant of the possible penalty a conviction entails, coupled with a defendant's actual lack of knowledge of the actual penalty, vitiates an otherwise valid guilty plea. *State v. McMahon*, 213 Neb. 897, 33 N.W.2d 818 (1983); *State v. Curnyn*, 202 Neb. 135, 274 N.W.2d 157 (1979). The instant case does not fall within that rule. Clark was correctly informed of the robbery penalty at the time of his arraignment. While the penalty had decreased at the time of his sentencing 4 years later, that situation was brought about by Clark's own elusive behavior and not by any failure of the trial court. Moreover, Clark made no attempt to withdraw his plea at the time of his sentencing. Additionally, we find it hard to imagine any motivation for Clark to withdraw his prior plea because the penalty was decreased.

Clark's second assignment of error is that it was improper for him to be sentenced by a judge other than the one accepting his guilty plea. In support of his position Clark cites several California cases supporting the proposition that it is an implied condition of the plea bargain approved by a court, when it accepts a defendant's guilty plea, that the defendant be sentenced by the same judge who accepts the plea. *People v. Pedregon*, 115 Cal. App. 3d 723, 171 Cal. Rptr. 468 (1981); *People v. Arbuckle*, 22 Cal. 3d 749, 587 P.2d 220, 150 Cal. Rptr. 778 (1978). The problem with Clark's contention is that we are not writing upon a clean slate. In *State v. Hilderbrand*, 193 Neb. 233, 226 N.W.2d 353 (1975), we specifically held that there is no requirement that the judge who accepts a guilty plea also sentence the defendant.

Clark's second assignment of error is therefore without merit.

Clark's final attack upon the judgment of the district court is a claim that the sentence he received was excessive. We have often stated that a sentence imposed within statutory limits will not be set aside absent an abuse of discretion. *State v. Cooley, ante* p. 90, 348 N.W.2d 433 (1984). The 3- to 4-year sentence being well within the statutory limit, Clark contends an abuse of discretion comes to light when it is considered that a codefendant received only 30 days and that Clark's past history is free of what he labels as serious crime.

Clark's codefendant was convicted of being an accessory after the fact, and from the presentence report it appears that his only connection with the robbery came afterwards, when he accepted a share of the booty. Such conduct is easily distinguishable from Clark's, who put the cashier in fear by pointing a toy gun at her and relieving her of cash for which she was responsible. As such, this is not a case where equally culpable codefendants received different penalties. *State v. Nix*, 215 Neb. 410, 338 N.W.2d 782 (1983).

While Clark's past record is free of prior serious crime, the crime of robbery is one characterized by violence and terrorism and clearly warrants incarceration. We note that the 3- to 4-year term Clark received is nearly the minimum to which he could have been sentenced if he had appeared at the original sentencing. There is no abuse of discretion in his sentence.

AFFIRMED.

WHITE, J., not participating.