IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. VIEYRA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

RICHARD L. VIEYRA, APPELLANT.


Filed March 30, 2021.    No. A-20-108.


Appeal from the District Court for Lincoln County: DAVID W. URBOM, Judge. Affirmed.

Patrick M. Heng for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.


PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Richard L. Vieyra appeals from his plea-based convictions and sentences for two counts of first degree domestic assault in the district court for Lincoln County. He alleges that his sentences are excessive and that his trial counsel was ineffective. Based on the reasons that follow, we affirm.

## BACKGROUND

Vieyra was initially charged by information with two counts of first degree assault, one count of first degree false imprisonment, and two counts of strangulation, all felonies. Based on the presentence investigation (PSI), the charges arose as a result of Vieyra holding his girlfriend against her will and brutally assaulting her over the course of several days. The victim reported that Vieyra hit her with an open hand across her right ear, causing her to temporarily lose her hearing and vision. He hit her several times in the head, including the back of the head which made her dizzy and unable to stand. Over the course of several days he continued to hit and kick her

- 1 -

repeatedly. The victim reported that Vieyra would be nice to her 1 minute and then the next minute he would hit her and kick her. On two occasions he strangled her until she could not breathe. When she was brought to the hospital she had multiple injuries. Her face was severely swollen and bruised to the point her eyes were almost shut, she had bruises on her lips, inside her mouth, on her ears, neck, throat, arms, and legs. She had "rug burns" and lacerations on her knees and thighs. The victim was also suffering from a concussion and she had a broken/chipped tooth.

Pursuant to a plea agreement, an amended information was filed charging Vieyra with two counts of first degree domestic assault and he pled no contest. The plea hearing is not in the record before us as Vieyra did not request that it be included in the bill of exceptions.

Following the plea hearing, the court entered an order stating that the plea agreement was explained to the court; the State filed an amended information, the elements of the offenses and Vieyra's constitutional rights were explained; Vieyra entered a plea of no contest; the court determined that the plea was knowingly, voluntarily, and intelligently made and that there was a factual basis for acceptance of the plea; and the court accepted the plea and found Vieyra guilty of two counts of first degree domestic assault.

A sentencing hearing followed and a different judge than the one who accepted his plea conducted the hearing and sentenced him. Vieyra was sentenced to a term of 8 to 10 years' imprisonment on each charge, with the sentences to be served consecutively.

## ASSIGNMENTS OF ERROR

Vieyra assigns that the trial court erred in imposing excessive sentences. He also assigns that "he received ineffective assistance of counsel in . . . 1) [the] discovery, contact of victim and preparation of his case, 2) the communication between trial counsel regarding the police reports[,] 3) communication regarding basis for the Amended Information[,] 4) informing [Vieyra] of the change of judges between plea and sentencing[,] and 5) the pressure to take a plea bargain without discussion of new charges."

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

*Excessive Sentences.*

Vieyra first assigns that the trial court imposed excessive sentences. He was convicted of two counts of first degree domestic assault, which are Class IIA felonies punishable by a maximum

of 20 years' imprisonment, with no minimum. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Vieyra was sentenced to a term of 8 to 10 years' imprisonment on each count. Both of Vieyra's sentences are within the statutory limits and therefore will not be disturbed absent an abuse of discretion. See *State v. Blaha, supra*.

Vieyra acknowledges that the sentences are within the statutory limits but contends they are "disproportionate to the crime," as well as "overly punitive and against justice or conscience, reason, and evidence." Brief for appellant at 12-13.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the sentencing hearing, the trial court stated that it had reviewed the PSI and it had taken into consideration all of the factors set forth above. It noted that Vieyra scored in the high risk to reoffend range on the domestic violence matrix. Other testing indicated a very high risk that Vieyra would reoffend. The court noted that his criminal record started when he was 12 years old in the juvenile court with an assault. The trial court mentioned Vieyra's other crimes, that he was placed in drug court at one time but that was terminated, and that he was placed on probation twice before and both of those had been revoked or terminated.

The PSI shows that Vieyra's prior criminal history includes juvenile convictions for third degree assault, theft by unlawful taking ($0-$200), obstructing a peace officer, and theft-shoplifting ($0-$200). Vieyra has adult convictions for DUI, possession of marijuana (1 ounce or less) (4 convictions), possession of drug paraphernalia (4 convictions), distribution of a controlled substance, and minor in possession.

Before imposing its sentence, the trial court stated:

What you did is inexcusable. It's reprehensible. It's almost beyond belief. You slapped and kicked and strangled and punched a young woman for over three days. She left and then she came back at your request. You, again, punched her, kicked her, strangled her. Finally she escaped.

In reading some of the statements you made to the probation officer you said, I smacked her a couple of times. And then you said, It was really weird because I had so much control over her. You also told the probation officer, It was super embarrassing to take her out because she had a fat lip.

I know your attorney has indicated you had remorse. Those statements indicate to me that that might not be the case.

You also indicated that you haven't had a job for five years. That you sold controlled substances for a living. Again, all those things have led me to the conclusion that you're not a suitable candidate for probation, Mr. Vieyra.

I believe that there's a substantial risk that you will continue your criminal conduct. I also believe that you're in need of correctional treatment that's best provided by a

correctional facility. I also believe that any less of a sentence than I am about to impose would depreciate the seriousness of the crime and show disrespect for the law.

Based on the record before us, the trial court took the appropriate factors into consideration when sentencing Vieyra and there is no indication it considered any inappropriate or improper factors. Accordingly, it cannot be said that the trial court abused its discretion or that the sentences are excessive.

*Ineffective Assistance of Counsel.*

Vieyra assigns that his trial counsel provided ineffective assistance. Vieyra has different counsel on direct appeal than he did at trial. When a defendant's counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, whether an attorney's representation was deficient depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha, supra*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

In his brief, Vieyra assigns five instances of ineffective assistance on the part of his trial counsel. He assigns that "he received ineffective assistance of counsel in . . . 1) [the] discovery, contact of victim and preparation of his case, 2) the communication between trial counsel regarding the police reports[,] 3) communication regarding basis for the Amended Information[,] 4) informing [Vieyra] of the change of judges between plea and sentencing[,] and 5) the pressure to take a plea bargain without discussion of new charges."

We first address the State's contention that Vieyra's first three ineffective assistance of counsel claims fail to specifically allege the deficient performance by counsel. In *State v. Mrza, supra*, the Nebraska Supreme Court held "assignments of error on direct appeal regarding

ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." *Id*. at 935, 926 N.W.2d at 86. We conclude that Vieyra's ineffective assistance of counsel claims, while far from being precise, provide the context of counsel's alleged deficient performance and contain more than mere generalized assertions that "trial counsel was ineffective." Accordingly, we will address all of his ineffective assistance of counsel claims.

Vieyra first argues, in regard to discovery, that his trial counsel was ineffective in failing to talk to the victim after she contacted Vieyra's counsel to discuss the circumstances that led to the charges against him. However, Vieyra's counsel stated at the sentencing hearing that he took the victim's deposition as part of the discovery phase. Accordingly, counsel would have asked the victim about the circumstances that led to the charges against Vieyra. The record demonstrates that Vieyra cannot prove that trial counsel was deficient in failing to talk to the victim and, therefore, cannot prove counsel was ineffective.

Vieyra next argues that his trial counsel never provided him with the police reports related to his case, despite his request to see them. He also claims that he asked trial counsel to depose several witnesses who could aid in his defense, but no depositions were taken. He argues that the failure of his trial counsel to fulfill these requests prevented him from making an informed decision regarding the plea.

The record contains no information about any conversations between Vieyra and his trial counsel in regard to police reports and witnesses to depose. We conclude that the record is insufficient to review these claims of ineffective assistance of counsel on direct appeal. See *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020) (determining factor in deciding whether ineffective assistance of counsel claim can be resolved on direct appeal is whether record is sufficient to adequately review question).

Vieyra next argues that his trial counsel was ineffective in failing to explain the new charges in the amended information. He claims that he was unable to speak with trial counsel about the new charges and the plea offer until the day of the plea hearing and that he never received any explanation for the amended charges.

Even if Vieyra did not learn of the new charges and plea offer until the same day as the plea hearing, the record reflects that he was aware of the charges in the amended information before he entered his plea. Although we do not have the record of the plea hearing before us, the court's order following the hearing states that the matter being heard was a plea and that the plea agreement was explained to the court and the State filed an amended information. This shows that Vieyra had agreed to the plea agreement prior to the hearing and would have known what charges he had agreed to plead to. Likewise, the State would not have filed an amended information with reduced charges if Vieyra had not agreed to plead to those charges. The court's order further states that the necessary elements of the charges were explained to Vieyra. In addition, at the sentencing hearing Vieyra stated he was satisfied with the advice and services his counsel had provided over the course of his representation, that counsel had looked at every possible defense that he had to the original charges, and that he was satisfied with the plea agreement that counsel had negotiated on his behalf. We conclude that the record demonstrates that Vieyra cannot prove that trial counsel's performance in regard to explaining the new charges in the amended information was deficient. Therefore, this claim of ineffective assistance of counsel fails.

Vieyra next claims that his trial counsel was ineffective in failing to inform him of the change in judges between the plea hearing and sentencing hearing. The judge who accepted Vieyra's no contest plea and found him guilty, subsequently recused himself from the case because the victim was the daughter of an attorney who regularly practiced in front of him. Due to the professional relationship with the victim's father, the judge believed another judge should handle the sentencing to avoid any appearance of bias or prejudice and to assure Vieyra impartiality and fairness.

Vieyra claims that he was unaware prior to the sentencing hearing that there would be a different judge imposing his sentences. He argues that his counsel did not explain to him why there was a new judge, nor was he asked whether he had an objection to a new judge. He claims that "the change of judges would have an impact on the sentence that [he] could receive, but this fact was never discussed" with him. Brief for appellant at 10.

Vieyra did not voice any concerns about there being a different judge at sentencing and did not ask to confer with his counsel. There is no indication in the record, nor does Vieyra allege, that the sentencing judge was biased or that having a judge other than the one who took the plea prejudiced him in any way. The fact that Vieyra was sentenced to less than half the maximum imprisonment time is indicative of no bias on the part of the sentencing judge. Contrary to Vieyra's contention, the change of judges did not impact the sentence that he could have received. All judges are required to impose sentences within the statutory guidelines for each particular offense.

In addition, a defendant has the right to an impartial judge but not the right to have his or her case heard before any particular judge. *State v. Braesch*, 292 Neb. 930, 874 N.W.2d 874 (2016). Vieyra was never promised that the judge would remain the same and he had no right to have the same judge sentence him as accepted his plea. See *State v. Clark*, 217 Neb. 417, 350 N.W.2d 521 (1984) (there is no requirement that judge who accepts guilty plea also sentences defendant). Accordingly, based on the record, Vieyra cannot prove that his counsel was deficient in failing to inform him that the same judge would not be sentencing him. This ineffective assistance of counsel claim fails.

Finally, Vieyra claims his counsel was ineffective by rushing Vieyra into making a decision about the plea offer. Vieyra states that he informed counsel that he needed time to think about the plea offer, but counsel told him that the offer would be withdrawn by the State if he did not accept the offer at that time. Vieyra claims that his counsel should have given him the opportunity to discuss and consider the plea. There is no indication that counsel did anything other than relay to Vieyra what the State had told him -- that if the offer was not accepted at the time it was made, it would be withdrawn. Vieyra does not allege that he had any reason to doubt what counsel told him or that counsel's statement was false. The State was offering Vieyra a generous deal -- plead no contest to two Class IIA felonies rather than face trial on two Class II felonies and three Class IIIA felonies. It is not uncommon for the State to insist that a defendant decide rather quickly whether he will accept a plea offer rather than allowing the defendant to mull it over for an extended period of time. Vieyra would have lost the opportunity to accept the plea deal if counsel did not tell him he needed to make a decision right away. Further, based on the court's order following the plea hearing, the court found that Vieyra entered his plea knowingly, voluntarily, and intelligently. And as previously noted, Vieyra told the sentencing judge he was satisfied with the plea agreement that his counsel had negotiated on his behalf. Vieyra alleges he was rushed into making a decision

about the plea offer yet at the sentencing hearing 2 months later he gave no indication that he was dissatisfied with the plea agreement. Based on the record, Vieyra cannot show that counsel's performance was deficient. This claim of ineffective assistance of counsel also fails.

## CONCLUSION

We conclude that the district court did not abuse its discretion in sentencing Vieyra to 8 to 10 years' imprisonment on each charge. We also conclude that Vieyra's claims of ineffective assistance of counsel fail or that the record is insufficient to resolve them on direct appeal. Accordingly, Vieyra's convictions and sentences are affirmed.

AFFIRMED.