Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/16/2020 09:08 AM CDT

State of Nebraska, appellee, v.
Christine A. Theisen, appellant.
___ N.W.2d ___

Filed July 24, 2020.    No. S-19-911.

1. **Pleas: Appeal and Error.** A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion.
2. **Judges: Appeal and Error.** An abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.
4. **Effectiveness of Counsel: Appeal and Error.** In reviewing a claim of ineffective assistance of trial counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance.
5. **Indictments and Informations.** An information must inform the accused with reasonable certainty of the crime charged so that the accused may prepare a defense to the prosecution and, if convicted, be able to plead the judgment of conviction on such charge as a bar to a later prosecution for the same offense.
6. ____. An information must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime or in language equivalent to the statutory terms defining the crime charged.

7. ____. Where an information alleges the commission of a crime using language of the statute defining that crime or terms equivalent to such statutory definition, the charge is sufficient.

8. **Indictments and Informations: Due Process.** When the charging of a crime in the language of the statute leaves the information insufficient to reasonably inform the defendant as to the nature of the crime charged, additional averments must be included to meet the requirements of due process.

9. **Indictments and Informations: Appeal and Error.** An information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted.

10. **Indictments and Informations.** A complaint or information is fatally defective only if its allegations can be true and still not charge a crime.

11. ____. No information shall be deemed invalid for any defect or imperfection which does not prejudice the substantial rights of the defendant upon the merits.

12. **Conspiracy.** Expressly alleging an overt act in furtherance of a conspiracy cannot simply be stating that the parties committed an overt act.

13. ____. The expressed overt act in furtherance of a conspiracy cannot be the act of conspiring.

14. **Indictments and Informations: Conspiracy.** A proper information charging conspiracy should indicate the offense which is the object of the conspiracy and expressly allege an overt act conducted in furtherance thereof.

15. **Pleas.** To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged.

16. **Criminal Law: Proof.** A sufficient factual basis requires that the State present sufficient facts to support the elements of the crime charged.

17. **Conspiracy.** Wharton's Rule, applied when evaluating conspiracy charges, stands for the principle that an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.

18. ____. The application of Wharton's Rule is limited to instances where the number and identity of persons involved in the conspiracy are the same as the number and identity of persons required to commit the underlying substantive offense.

19. ____. There is an exception to Wharton's Rule that provides a conspiracy charge may be filed if more or different people participate in the conspiracy than are necessary to commit the substantive offense.

20. **Effectiveness of Counsel: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance.

21. ____: ____: ____. The record on direct appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy.

22. **Effectiveness of Counsel: Appeal and Error.** The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved.

23. **Effectiveness of Counsel: Records: Appeal and Error.** The determining factor in deciding whether an ineffective assistance claim can be resolved on direct appeal is whether the record is sufficient to adequately review the question.

Appeal from the District Court for Madison County: Mark A. Johnson, Judge. Affirmed.

Mark E. Rappl for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Christine A. Theisen appeals her plea-based convictions of conspiracy to distribute or deliver a controlled substance (hydrocodone), conspiracy to distribute or deliver a controlled substance (tramadol), and child abuse. Theisen assigns the district court erred in accepting her guilty pleas, because the charging information contained insufficient allegations of overt acts and the factual basis was insufficient under Wharton's Rule to support the conspiracy offenses. Theisen also claims she was denied the right to effective assistance of trial counsel, based upon a failure to properly inform her of the insufficient

factual basis and application of Wharton's Rule and upon trial counsel's conflict of interest with a material witness for the State. For the reasons set forth herein, we affirm.

## BACKGROUND

Theisen was charged by an amended information with seven charges, including: conspiracy to distribute or deliver a controlled substance (hydrocodone), conspiracy to distribute or deliver a controlled substance (oxycodone), conspiracy to distribute or deliver a controlled substance (tramadol), tampering with evidence, felony child abuse, and two counts of misdemeanor child abuse.

Theisen and the State entered into a plea agreement whereby Theisen would plead guilty to conspiracy to distribute or deliver hydrocodone and tramadol and to felony child abuse and the State would dismiss the remaining charges. This dismissal was noted by an interlineated copy of the amended information which contained the following remaining allegations:

[Conspiracy to Distribute or Deliver Hydrocodone:] Theisen, on or about the 1st day of June, 2016, through the 23rd day of August, 2018, in Madison County, Nebraska, with intent to promote or facilitate the commission of a felony offense, did agree with another person or persons that they or one or more of them shall engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense of delivery or distribution of the controlled substance hydrocodone. Complainant further states that [Theisen] or another with whom [she] conspired with committed an overt act in furtherance of the conspiracy, to wit: [Theisen] was buying and/or selling hydrocodone.

. . . .

[Conspiracy to Distribute or Deliver Tramadol:] Theisen, on or about the 1st day of June, 2016 through the 23rd day of August, 2018, in Madison County, Nebraska, with the intent to promote or facilitate the commission of a felony, did agree with another person or persons that

they or one or more of them shall engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense of the delivery or the distribution of the controlled substance tramadol. Complainant further alleges that [Theisen] or another person with whom [she] conspired with committed an overt act in furtherance of the conspiracy, to wit: [Theisen] was buying and/or selling tramadol.

. . . .

[Child Abuse:] Theisen, on or about the 1st day of June, 2016 through the 23rd day of August, 2018, in Madison County, Nebraska, did knowingly and intentionally cause or permit a minor child, or minor children, specifically K.S. to be a) placed in a situation that endangered the minor child's or minor children's life or physical or mental health; and/or b) cruelly confined or cruelly punished; and/or c) deprived of necessary food, clothing, shelter, or care; and/or d) placed in a situation to be sexually exploited by allowing, encouraging, or forcing such minor child to solicit for or engage in prostitution, debauchery, public indecency, or obscene or pornographic photography, films, or depictions; and/or e) placed in a situation to be sexually abused as defined in Section 28-319, 28-319.01, or 28-302.01; and/or f) placed in a situation to be a trafficking victim as defined in Section 28-830[.]

The district court was informed of this agreement at a pretrial conference, and the court rearraigned Theisen on the three remaining counts, to which Theisen pled guilty. Following an advisement of Theisen's rights, the court asked Theisen to explain what gave rise to these charges, to which Theisen answered:

Last year in August, Department of Health and Human Services became involved in my life, and my children were removed because I admitted everything. I — I guess the painkillers stemmed from a back injury and I became addicted to them, and I was buying and selling

them to support my habit. There is so much information, it's hard to explain.

In response to the court's questioning regarding whether Theisen was selling hydrocodone and tramadol between the dates of June 1, 2016, and August 23, 2018, in Madison County, Nebraska, Theisen responded, "Yes."

The court then asked the State to provide the balance of the factual basis for the charges, and the State explained:

In terms of the child abuse, law enforcement officers interviewed both the victim, [Theisen's] mother, as well as [Theisen's] other daughter. I think, approximately, victim was age 17, the other daughter was approximately age 15, I believe, at the time.

They all confirmed that [Theisen] physically and psychologically abused one daughter in particular over an extended period of time. Would hit her, slap her, essentially force her to do, you know, menial tasks around the home. Giving her deadlines to get things done rather than doing those tasks herself, those type of things.

. . . .

[As to the conspiracy to distribute or deliver hydrocodone and tramadol charges, Theisen] would, as she sort of said, she would buy and get painkillers and then sell them as well. Additionally, according to her daughter, she would actually have them text potential buyers ahead of time that the sales would be taking place.

They reported — the daughters reported actually receiving threats back from some of those drug dealers and purchasers about the sales going on. Additionally, she would work with others involved in this ring to buy and sell the drugs.

The court found there was a sufficient factual basis and accepted Theisen's guilty pleas. Theisen was sentenced to consecutive terms of 6 to 12 years' imprisonment for conspiracy to distribute or deliver hydrocodone, 1 to 3 years' imprisonment

for conspiracy to distribute or deliver tramadol, and 1 to 3 years' imprisonment for child abuse.

## ASSIGNMENTS OF ERROR

Theisen assigns that the district court erred in accepting her guilty pleas to the conspiracy charges, because (1) the charging information was insufficient to establish overt acts in furtherance of the conspiracy and (2) the factual basis was insufficient under Wharton's Rule to establish participation of two or more persons beyond those actions which are necessary for the commission of the underlying offenses. Theisen also assigns she received ineffective assistance, because trial counsel failed to advise her that under Wharton's Rule, she could not be convicted of conspiracy, and trial counsel had a conflict of interest from previous representation of a State's material witness.

## STANDARD OF REVIEW

[1,2] A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion.[1] An abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[2]

[3,4] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.[3] We determine as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was

---

[1] *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019).

[2] *State v. Tyler P.*, 299 Neb. 959, 911 N.W.2d 260 (2018).

[3] *State v. Hood*, 301 Neb. 207, 917 N.W.2d 880 (2018).

or was not prejudiced by a defense counsel's alleged deficient performance.[4]

## ANALYSIS

### SUFFICIENCY OF AMENDED INFORMATION

Theisen was charged, by the amended information, with conspiracy to distribute or deliver hydrocodone and tramadol. Under Neb. Rev. Stat. § 28-202(1) (Cum. Supp. 2018), a person is guilty of criminal conspiracy if, with intent to promote or facilitate the commission of a felony:

> (a) He [or she] agrees with one or more persons that they or one or more of them shall engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense; and
>
> (b) He [or she] or another person with whom he [or she] conspired commits an overt act in pursuance of the conspiracy.

Neb. Rev. Stat. § 29-2014 (Reissue 2016) specifies that the State must allege overt acts in charging conspiracy, by stating:

> In trials for conspiracy, in cases where an overt act is required by law to consummate the offense, no conviction shall be had unless one or more overt acts be expressly alleged in the indictment, nor unless one or more of the acts so alleged be proved on trial; but other overt acts not alleged in the indictment may be given in evidence on the part of the prosecution.

Theisen assigns the amended information failed to sufficiently allege conspiracy to distribute or deliver hydrocodone and tramadol. Specifically, Theisen claims the amended information failed to allege overt acts conducted in furtherance of the alleged conspiracy.

[5-8] An information must inform the accused with reasonable certainty of the crime charged so that the accused may

---

[4] *Id.*

prepare a defense to the prosecution and, if convicted, be able to plead the judgment of conviction on such charge as a bar to a later prosecution for the same offense.[5] As such, an information must allege each statutorily essential element of the crime charged, expressed in the words of the statute which prohibits the conduct charged as a crime or in language equivalent to the statutory terms defining the crime charged.[6] Where an information alleges the commission of a crime using language of the statute defining that crime or terms equivalent to such statutory definition, the charge is sufficient.[7] However, when the charging of a crime in the language of the statute leaves the information insufficient to reasonably inform the defendant as to the nature of the crime charged, additional averments must be included to meet the requirements of due process.[8]

[9-11] We have held that an "'information first questioned on appeal must be held sufficient unless it is so defective that by no construction can it be said to charge the offense for which the accused was convicted.'"[9] And "'a complaint or information is fatally defective only if its allegations can be true and still not charge a crime.'"[10] In addition, "'[n]o information shall be deemed invalid for any defect or imperfection which does not prejudice the substantial rights of the defendant upon the merits.'"[11]

Under each conspiracy charge, the amended information alleged Theisen "did agree with another person or persons" to "engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense of [delivery or distribution of hydrocodone and tramadol]." The

---

[5] *In re Interest of Jordan B.*, 300 Neb. 355, 913 N.W.2d 477 (2018).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Peterson v. Houston*, 284 Neb. 861, 868, 824 N.W.2d 26, 33 (2012).

[10] *Id.*

[11] *Id.*

information further alleged Theisen "or another [person] with whom [Theisen] conspired with committed an overt act in furtherance of the conspiracy, to wit: [Theisen] was buying and/or selling [hydrocodone and tramadol]."

The language used in the charging information modeled the statutory language of § 28-202(1)(a) in alleging Theisen "did agree" with another person or persons to "engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense." The information continued by naming distribution or delivery of hydrocodone and tramadol as each count's underlying offense. The information likewise modeled the language of § 28-202(1)(b) in alleging Theisen "or another [person] with whom [Theisen] conspired" committed "an overt act in furtherance of the conspiracy." Accordingly, the information was sufficient to inform Theisen that the State was charging her with conspiracy under § 28-202 and alleging she engaged with others for the distribution or delivery of hydrocodone and tramadol.

Theisen further argues that the information was insufficient to reasonably inform her as to the nature of the crime by operation of § 29-2014. As quoted above, § 29-2014 requires a charging document "expressly" allege one or more overt acts in furtherance of a conspiracy. Theisen contends that § 29-2014 required the State to allege an overt action other than the underlying offense of distribution or delivery of a controlled substance. In support of this proposition, Theisen cites *State v. Marco*[12] and *State v. McKay*,[13] a Nebraska Court of Appeals unpublished opinion.

[12] Contrary to this argument, neither of these opinions held § 29-2014 requires that the expressed overt acts cannot be allegations of the underlying crime for which the parties conspired. Instead, *Marco* held that an allegation the defendant "'or another person with whom he conspired did commit

[12] *State v. Marco*, 230 Neb. 355, 432 N.W.2d 1 (1988).

[13] *State v. McKay*, No. A-92-057, 1993 WL 13458 (Neb. App. Jan. 26, 1993) (not approved for permanent publication).

an overt act,'" without more, failed to expressly allege an overt act.[14] The case explained that "expressly" alleging an overt act cannot simply be stating that the parties committed an overt act.[15]

[13,14] Similarly, in *McKay*, the defendant was charged with criminal conspiracy. The State's information alleged that the defendant

> "'agree[d] with one or more persons that they or one or more of them would harvest more than one pound of marijuana and he or another person with whom he conspired did commit an overt act in pursuance of the conspiracy, to-wit: Defendant along with [another person] conspired together to harvest and possess more than one pound of marijuana.'"[16]

The Court of Appeals explained that "[i]t is axiomatic that the open, manifest, and apparent conduct or overt act of a conspiracy which tends to show a preexisting conspiracy . . . cannot be [the defendant's and conspirator's] conspiring together."[17] Stated another way, the expressed overt act in furtherance of the conspiracy cannot be the act of conspiring.[18] Instead, a proper information charging conspiracy should indicate the offense which is the object of the conspiracy and expressly allege an overt act conducted in furtherance thereof.[19]

Here, the information explicitly alleged overt acts. In addition to its language mirroring § 28-202(1)(a) and (b) and alleging Theisen agreed with others to engage in the underlying offenses, the information also alleged "overt act[s] in furtherance of the conspiracy, to wit: [Theisen] was buying and/or selling [hydrocodone and tramadol]." These allegations are

---

[14] *Marco, supra* note 12, 230 Neb. at 357, 432 N.W.2d at 3.

[15] *Id.*

[16] *McKay, supra* note 13, 1993 WL 13458 at *1.

[17] *Id.* at *2.

[18] See *id.*

[19] *Id.*

sufficient to satisfy the requirement under § 29-2014 that the charging document expressly allege an overt act in furtherance of the conspiracy.

Because the information sufficiently alleged conspiracy under § 28-202 and expressly alleged overt acts pursuant to § 29-2014, the information was sufficient to reasonably inform Theisen as to the nature of the crime charged and the district court did not err in accepting Theisen's pleas.

## Sufficiency of Factual Basis

Theisen challenges the sufficiency of the factual basis to support her convictions of conspiracy to distribute or deliver hydrocodone and tramadol. On this assignment, Theisen argues the State failed to establish conspiracy under Wharton's Rule by failing to allege participation of two or more persons beyond those necessary for the commission of the underlying crimes.

[15,16] To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged.[20] A sufficient factual basis requires that the State present sufficient facts to support the elements of the crime charged.[21]

One criminal statute regarding controlled substances explains that "it shall be unlawful for any person knowingly or intentionally: (a) To manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance."[22] Under Neb. Rev. Stat. § 28-401 (Supp. 2019), subsection (9) currently defines "[d]istribute" as "to deliver other than by administering or dispensing a controlled substance" and subsection (12) defines "[d]eliver" as "the actual, constructive, or attempted transfer from one person

---

[20] *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019).

[21] See *id*.

[22] See Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 2018).

to another of a controlled substance, whether or not there is an agency relationship."

Under § 28-202(1), all that is required for a conviction is proof that the agreement was entered into and an overt act in furtherance of the conspiracy was committed.[23] The criminal act is the agreement itself, and the ultimate act agreed to by the conspirators need never take place.[24]

[17] In evaluating conspiracy charges, we have applied Wharton's Rule as an exception to conspirator liability.[25] This exception stands for the principle that an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission.[26]

[18,19] The application of Wharton's Rule is limited to instances where the number and identity of persons involved in the conspiracy are the same as the number and identity of persons required to commit the underlying substantive offense.[27] As such, there is an exception to Wharton's Rule that provides a conspiracy charge may be filed if more or different people participate in the conspiracy than are necessary to commit the substantive offense.[28]

Theisen contends that distributing and delivering controlled substances necessarily involves multiple people, including the sellers and buyers of the product. Because of that necessary involvement, Theisen suggests that she could not be convicted

---

[23] See §§ 28-202 and 29-2014.

[24] See *id.*

[25] *State v. Utterback*, 240 Neb. 981, 485 N.W.2d 760 (1992), *disapproved on other grounds, State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999).

[26] *Id*. See *Iannelli v. United States*, 420 U.S. 770, 95 S. Ct. 1284, 43 L. Ed. 2d 616 (1975).

[27] See *Utterback, supra* note 25. See, also, *State v. Clason*, 3 Neb. App. 339, 526 N.W.2d 673 (1994).

[28] See *Utterback, supra* note 25. See, also, *Clason, supra* note 27, citing *Baker v. United States*, 393 F.2d 604 (9th Cir. 1968), and *People v. Incerto*, 180 Colo. 366, 505 P.2d 1309 (1973).

of conspiracy. In support of her contention, Theisen directs us to our holding in *State v. Utterback*.[29]

In *Utterback*, the issue on appeal concerned the reliability of an informant and analyzed whether an admission by the informant that he bought marijuana from a specific individual was against his penal interests. Since purchasing marijuana was not a statutorily proscribed act in Nebraska, the court looked at whether such admission could be used to prosecute for conspiracy to distribute or deliver a controlled substance. Applying Wharton's Rule, we found that the informant could not be charged with conspiracy to distribute or deliver, because he was the buyer, a necessary party to the underlying crime.

The instant case is distinguishable from *Utterback*. Here, the factual basis provided by the State sets forth sufficient facts to find the participation of conspirators beyond the specific sellers and buyers of the drugs. In the court's receipt of Theisen's pleas, Theisen confirmed that she had sold hydrocodone and tramadol between June 1, 2016, and August 23, 2018. The State then explained that Theisen "would actually have [her daughters] text potential buyers ahead of time that the sales would be taking place," that "the daughters reported actually receiving threats back from some of those drug dealers and purchasers about the sales," and that Theisen "would work with others involved in this ring to buy and sell the drugs." We note as well that the police reports contained within the presentence investigation report further detail the participation of Theisen's daughters in the overt act of purchasing controlled substances. Such participation involved more and different people than necessary for the delivery and distribution of hydrocodone and tramadol. Accordingly, Wharton's Rule does not prohibit Theisen's conviction for the conspiracy counts and the district court did not err in accepting Theisen's pleas.

---

[29] *Utterback, supra* note 25.

### Failure to Advise Theisen
### of Wharton's Rule

Theisen assigns her trial counsel was ineffective for failing to properly advise her that Wharton's Rule prohibited her convictions on the conspiracy charges.

[20,21] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance.[30] We have said the record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy.[31]

For the reasons stated above, Wharton's Rule did not restrict Theisen from being charged and convicted of conspiracy to distribute or deliver hydrocodone and tramadol. Therefore, Theisen cannot show prejudice from trial counsel's alleged failure to properly advise her on the application of Wharton's Rule and this assignment is without merit.

### Conflict of Interest

Theisen assigns she received ineffective assistance due to her trial counsel's representation of a material witness for the State. Under this assignment, Theisen claims her counsel "previously represented Brooks Boyer who was a defendant against [Theisen] in a divorce action which was filed by [Theisen]."[32] Theisen alleges Brooks Boyer "played a very large role in the criminal investigation being initiated against [her], including providing statements and documentary evidence against

---

[30] See *Hood, supra* note 3.

[31] *State v. Stelly*, 304 Neb. 33, 932 N.W.2d 857 (2019).

[32] Brief for appellant at 24.

[Theisen]."[33] Citing a long-term attorney-client relationship between trial counsel and Boyer, Theisen argues there existed an actual conflict of interest which compromised trial counsel's ability to adequately and properly represent Theisen.

[22,23] The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved.[34] The determining factor is whether the record is sufficient to adequately review the question.[35]

The record on appeal contains no information as to trial counsel's alleged representation of Boyer or how that previous relationship could have affected the representation of Theisen. Thus, the record is insufficient to review this assignment on direct appeal.

## CONCLUSION

The information expressly alleged overt acts in furtherance of the charged conspiracy to distribute and deliver hydrocodone and tramadol, and the factual basis was sufficient to satisfy Wharton's Rule and support Theisen's guilty pleas. Accordingly, we affirm Theisen's convictions and find Theisen's assignment of ineffective assistance of trial counsel for failure to advise her of Wharton's Rule to be without merit. However, we conclude the record is insufficient to reach Theisen's claim of ineffective assistance due to her trial counsel's alleged conflict of interest.

Affirmed.

---

[33] *Id.*

[34] *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017).

[35] *Id*.