IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HANSEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ZACHARY W. HANSEN, APPELLANT.

Filed July 20, 2021.    No. A-20-756.

Appeal from the District Court for Madison County: JAMES G. KUBE, Judge. Affirmed.

Bradley A. Ewalt, of Ewalt Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Zachary W. Hansen pled guilty to one count of terroristic threats, one count of attempted use of a firearm to commit a felony, and one count of robbery. The Madison County District Court sentenced him to consecutive sentences of 2 to 3 years' imprisonment (terroristic threats), 6 to 9 years' imprisonment (attempted use of a firearm to commit a felony), and 6 to 8 years' imprisonment (robbery). Hansen claims his sentences are excessive and that he received ineffective assistance of counsel. We affirm.

## II. BACKGROUND

On July 14, 2020, the State filed an information charging Hansen with five counts stemming from events that occurred on March 23: count I, attempted robbery, a Class IIA felony, pursuant to Neb. Rev. Stat. §§ 28-201(1) and 28-324 (Reissue 2016); counts II and IV, use of a firearm to commit a felony, each a Class IC felony, pursuant to Neb. Rev. Stat. § 28-1205(1)(a)

- 1 -

(Reissue 2016); count III, robbery, a Class II felony, pursuant to § 28-324; and count V, theft by unlawful taking or disposition, a Class II misdemeanor, pursuant to Neb. Rev. Stat. § 28-511(1) (Reissue 2016). Hansen pled not guilty to the charges contained in the information. On August 3, Hansen's trial counsel filed a "Motion for Deposition" seeking a court order authorizing the deposition of nine named individuals. In an amended information filed on August 18, the State charged Hansen, in addition to the five counts set forth previously, with count VI, possession of a stolen firearm, a Class IIA felony, pursuant to Neb. Rev. Stat. § 28-1212.03 (Reissue 2016).

Pursuant to a plea agreement, the State filed a second amended information on September 28, 2020, charging Hansen with three counts: count I, terroristic threats, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-311.01(1) (Reissue 2016); count II, attempted use of a firearm to commit a felony, a Class II felony, pursuant to §§ 28-201(1)(b) and 28-1205(1)(a); and count III, robbery, a Class II felony, pursuant to § 28-324. At a hearing held that same day, Hansen pled guilty to the three counts in the second amended information. According to the factual basis provided by the State,

On [March 23, 2020,] a little before 11:00 p.m.[,] the defendant approached a vehicle that was parked outside of the [convenience store] located at [an address] in Norfolk, Madison County, Nebraska. The driver of the vehicle stated that a masked individual tried to get into her vehicle, first trying to get in the passenger's side door which was locked. He then came around to the driver's side door, tried to get in. That door was also locked. He displayed a handgun and motioned for her to roll down the window or open up the door, Your Honor.

The driver was placed in a great deal of fear from these events, Your Honor. Thankfully she, you know, thought quickly. Put her foot on the gas and managed to escape without any harm coming to her.

After that, the defendant actually went into the [convenience store] where he approached the teller, the person at the front desk, more or less, at the convenience store. He told them that this was happening and to cooperate and to hand over the money, at which point he then pulled the handgun that he had out of the waistband of his pants and pointed it at the clerk of the convenience store. The clerk handed over the money in the cashier [sic] and the defendant left the convenience store, Your Honor.

All these events taking place in Madison County, Nebraska, Your Honor.

The district court accepted Hansen's guilty plea to the charges in the second amended information and found him guilty of the same. The case was then set for sentencing.

At a sentencing hearing held on September 29, 2020, the district court orally pronounced Hansen's sentences as follows: On count I, Hansen was sentenced to 2 to 3 years' imprisonment. On count II, Hansen was sentenced to 6 to 9 years' imprisonment. On count III, Hansen was sentenced to 6 to 8 years' imprisonment. The sentence for count II was to be served consecutively to the sentence for count I, and the sentence for count III was to be served consecutively to the sentences for counts I and II. The court ordered that the sentences in this case were to be served consecutively with Hansen's sentences for his prior 2020 convictions for possession of cocaine

with intent to deliver and attempted delivery of marijuana. On October 7, the district court entered a sentencing order reflecting the sentences as orally pronounced.

Hansen appeals.

## III. ASSIGNMENTS OF ERROR

Hansen claims he "received an excessive sentence and [was] ordered to serve each sentence consecutively." He also contends that his trial counsel was ineffective by not proceeding with depositions and not providing Hansen with discovery.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## V. ANALYSIS

### 1. Excessive Sentence

Hansen claims he "received an excessive sentence when he was given lengthy sentences" on each count and was "ordered to serve them all consecutively." Brief for appellant at 8. Hansen was convicted of one count of terroristic threats, a Class IIIA felony. A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' postrelease supervision, a $10,000 fine, or both; there is no minimum term of imprisonment, but there is a minimum of 9 months' postrelease supervision if imprisonment is imposed. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2020). His sentence of 2 to 3 years' imprisonment is within the statutory range. No postrelease supervision was required because he was also convicted of two Class II felonies. Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) provides, in relevant part, that for any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence that does not include a period of postrelease supervision. See, also, § 28-105(6) (when person sentenced to imprisonment for Class I, IA, IB, IC, ID, II, or IIA felony is also sentenced concurrently or consecutively to imprisonment for Class III, IIIA, or IV felony, he or she shall not be subject to postrelease supervision).

Hansen's sentences for his conviction for attempted use of a firearm to commit a felony (6 to 9 years' imprisonment) and his conviction for robbery (6 to 8 years' imprisonment), each a Class II felony, were also within the statutory range. A Class II felony is punishable by 1 to 50 years' imprisonment. See § 28-105(1).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman,* 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017).

Hansen was 20 years old at the time of sentencing. He has some juvenile history which we will not recount here. His adult criminal history includes one count of possession of cocaine with intent to deliver and one count of attempted delivery of marijuana. He pled guilty to both counts on February 24, 2020. We note that Hansen requested the district court in this case to use the presentence investigation report (PSR) compiled in early March 2020 for his previous drug convictions, and the district court did so.

The probation officer conducted a "Level of Service/Case Management Inventory" and assessed Hansen to have "a high risk level for recidivism." The PSR indicated that Hansen scored "very high risk" in the criminogenic risk factor domain for companions. He scored "high risk" in the domains for family/marital, alcohol/drug problem, procriminal attitude/orientation, and antisocial pattern. He scored "medium risk" in the domains for criminal history and leisure/recreation. He scored "low risk" in the domain for education/employment. The PSR also noted that Hansen scored in the "maximum risk range for drugs, violence, antisocial, aggressiveness, and stress coping" on the Substance Abuse Questionnaire.

At the sentencing hearing, Hansen's counsel emphasized Hansen's struggle with "heavy substance abuse," noting that Hansen had previously been in rehabilitation but "started using again" after he had left. Counsel further pointed out that Hansen's prior history included neither "prior thefts" nor "prior assault type crimes" that would indicate a pattern of such behavior. Counsel argued that a long period of incarceration would not be beneficial to Hansen, and that if he can "take advantage of" substance abuse treatment and "take it to heart and commit to not using again," he could "get out and be successful."

In response, the State noted that Hansen's previous charge for possession of cocaine with intent to deliver was "pled down initially from a charge of possession of cocaine with intent to deliver, 10 to 27 grams, a much more serious charge." The State emphasized the serious nature of the current charges to which Hansen pled guilty. The State further identified that Hansen's actions on March 23, 2020, occurred just before Hansen was scheduled to be sentenced for his prior drug convictions and asserted that "a significant sentence is required here, if for no other reason than just for the safety of the public."

The district court noted its review of Neb. Rev. Stat. § 29-2260 (Reissue 2016) relative to probation. The court found Hansen was not a qualified candidate for probation and further concluded "that a sentence less than incarceration would depreciate the seriousness of these crimes and would promote disrespect for the law." The court then sentenced Hansen as set forth previously.

Hansen argues it would be "unfair to enforce consecutive sentences" because "[e]ach of the matters were part of one sequence of events, rather than being broken up by any amount of time." Brief for appellant at 8. Hansen also states that "[n]o one was harmed during the commission of these offenses" and emphasizes his lack of "any prior violent offense convictions," noting that his prior offenses were juvenile and drug offenses. *Id.*

We are not persuaded that Hansen's offenses constituting a single sequence of events would restrict the district court's discretion from imposing consecutive sentences for each of the separate offenses. While we are mindful of Hansen's limited criminal history and young age, the escalation of Hansen's criminal behavior before any sentencing occurred for his prior drug convictions was of significant concern to the district court. Our review of a sentencing order is limited to an abuse of discretion standard. And because the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life, a sentencing court is accorded very wide discretion in imposing a sentence. *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017).

Having considered the relevant factors in this case, including the nature of the offenses and the record before us, we cannot say that Hansen's individual sentences or the district court's order that they be served consecutively were an abuse of the court's discretion.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Hansen claims his trial counsel was ineffective. He is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman,* 305 Neb. 289, 940 N.W.2d 529 (2020). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra.*

With these governing principles in mind, we turn now to address Hansen's claims that his trial counsel was ineffective in not providing discovery materials to Hansen and not proceeding to take the depositions of the individuals named in Hansen's motion prior to his guilty plea.

(a) Failure to Provide Discovery Materials

Hansen alleges that prior to his guilty plea, he "requested copies of all reports from his attorney throughout the pendency of his case, but . . . despite numerous requests, he was not provided what he requested." Brief for appellant at 10. He further claims in part that "he would not have accepted the plea deal he did had he been provided the discovery he requested." *Id.* However, Hansen has failed to allege what discovery materials his counsel may have had that were not shared with him and which may have persuaded him to proceed to trial rather than enter a plea. This allegation of ineffective assistance of counsel was not pled with the required specificity. See *State v. Haynes*, 299 Neb. 249, 908 N.W.2d 40 (2018), *disapproved on other grounds, State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018) (on appeal from denial of postconviction relief without evidentiary hearing, appellant's assertion that counsel was deficient for failing to discuss with him any discovery materials turned over by prosecution was insufficiently specific without allegation as to what those discovery materials were). Accordingly, Hansen's claim in this matter was not properly pled to avoid a future procedural bar. See *State v. Hill*, 298 Neb. 675, 905 N.W.2d 668 (2018) (alleged error assigned and argued with insufficient specificity not preserved for postconviction review).

(b) Failure to Take Depositions

Hansen further argues that his counsel was ineffective for failing to depose the individuals named in his "Motion for Deposition" prior to his guilty plea. He states that he "made requests to complete the depositions quickly so that he would know what witnesses were likely to say about his involvement in the incident he was charged with." Brief for appellant at 10. Hansen asserts that "he would have not accepted the plea deal he did [if] the depositions had been conducted." *Id.* However, Hansen does not specify what information may have been gained had his trial counsel deposed those individuals. His argument does not allege his trial counsel's deficient performance with the required specificity. See *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019) (defendant's allegation that trial counsel was ineffective in failing to depose two witnesses to

- 6 -

clarify statements to police lacked necessary specificity when defendant failed to allege how witnesses' statements in depositions would have differed from statements to police). It is not sufficient to simply allege that trial counsel failed to depose the nine named individuals. Accordingly, we find that Hansen's claim on this matter was not pled with the specificity necessary to avoid a future procedural bar. See *State v. Hill, supra*.

## VI. CONCLUSION

For the reasons set forth above, we affirm Hansen's sentences. In addition, we find that Hansen's claims that his trial counsel was ineffective were insufficiently stated to be preserved for postconviction review.

AFFIRMED.