IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SVOBODA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHAD L. SVOBODA, APPELLANT.

Filed April 11, 2023.    No. A-22-245.

Appeal from the District Court for Otoe County: JULIE D. SMITH, Judge. Affirmed.

Keith M. Kollasch, of Kollasch Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Appellant Chad L. Svoboda pled no contest to possession of a controlled substance, methamphetamine. He was sentenced by the Otoe County District Court to 6 to 18 months' imprisonment, to be served consecutively to "his Lancaster County case." On appeal, Svoboda claims his trial counsel was ineffective for (1) withdrawing his motion to suppress without consulting him and (2) failing to properly set forth any sentencing recommendation in his "Universal Plea Agreement." We find the record is sufficient to resolve Svoboda's claims and find no merit to either claim.

## BACKGROUND

The factual basis provides that on July 27, 2020, Otoe County Sheriff's Deputy Scott Whipple was dispatched regarding a suspicious vehicle that had been parked on the east side of a building for several hours. Deputy Whipple first had contact with a passenger in the vehicle, Diana

Franke. During this contact, Svoboda "also came up to Deputy Whipple" and had contact with him. "Deputy Whipple became suspicious of the behavior." Another deputy arrived and conducted a K-9 search. Prior to the search, the other deputy observed a pipe located on the front dash of the vehicle. Inside the vehicle on the driver's side floor in between the two seats was a small plastic baggie containing a white crystal-like substance, which subsequently tested positive for methamphetamine. The vehicle was registered to Svoboda.

Svoboda was charged by information on April 9, 2021, with possession of a controlled substance, methamphetamine, pursuant to Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2022), a Class IV felony, and possession of drug paraphernalia, pursuant to Neb. Rev. Stat. §§ 28-441 and 28-441(2) (Cum. Supp. 2022), an infraction. Svoboda initially pled not guilty. At a pretrial conference on May 17, 2021, Svoboda's trial counsel informed the district court he anticipated filing a motion to suppress "this week"; a hearing on the motion was scheduled for July 8. A motion to suppress was filed on May 19, seeking to exclude all evidence obtained by officers during the search of the motor vehicle on July 27, 2020.

On July 8, 2021, the district court continued the hearing on the motion to suppress on the court's own motion; there were no objections. It was continued to August 16, at which time Svoboda's trial counsel appeared, along with the prosecutor. Svoboda was not present. Svoboda's trial counsel moved to withdraw the motion to suppress and to set the matter for pretrial in 30 days. Trial counsel noted that Svoboda was in the Douglas County jail with a "new charge there, so we're trying to coordinate something with that case, as well as a pending Lancaster County case, to see if we can come up with some sort of a global plea agreement" for Svoboda.

On November 8, 2021, Svoboda appeared with trial counsel for what was scheduled to be Svoboda's entry of a plea. However, trial counsel requested a continuance for 30 days because Svoboda had been accepted into drug court in Lancaster County and was waiting to hear about two cases there. Trial counsel stated, "If he's accepted into both cases in Lancaster, [the prosecutor] is either agreeable to dismissing this or letting him do a drug court entry of plea in this case and transferring it to Lancaster."

On December 6, 2021, Svoboda did not appear as ordered. After discussion between the district court and the attorneys, the court determined that Svoboda had previously failed to appear on October 4. A motion to continue made by defense counsel was denied, a bench warrant was issued and a new bond set.

The prosecutor, defense counsel, and Svoboda, appeared for what was scheduled to be a pretrial hearing on December 20, 2021. However, defense counsel indicated to the district court that a plea agreement had been reached. At that hearing, where other matters were also pending, the court advised "anyone . . . in the courtroom who is going to be pleading guilty or no contest, pay careful attention to this rights advisory. It will apply to you in your case as well." The following advisory was then given:

> If you enter a plea of guilty or no contest, you will not have a trial and you will be giving up the following rights:
>
> The right to be presumed innocent, the right to a prompt public jury trial or a trial to the court which in either type of trial the State would have had the burden of proving you guilty beyond a reasonable doubt, the right to confront witnesses against you and ask them questions, the right to call witnesses in your defense and have the court subpoena

witnesses to testify in your case. You would also be giving up your right to a separate hearing to determine whether any statements you made or evidence seized from you could have been used against you at trial.

The prosecutor informed the district court that Svoboda would be pleading guilty to the possession of a controlled substance charge and the State would dismiss the other count (paraphernalia). The prosecutor pointed out that Svoboda had cases pending in Lancaster County and Cass County and it was her understanding there was "a joint agreement on all of those, and in each of those cases I believe he's plead guilty but in [Lancaster] County they're holding the filing of the habitual criminal until after he enters a plea in this case." Upon Svoboda entering his plea in the present case, the "habitual will . . . be dismissed in that case." Svoboda, age 52, personally acknowledged his understanding of the agreement. The following colloquy took place:

THE COURT: Mr. Svoboda, is that your understanding of the agreement?

[Svoboda]: Yes, ma'am.

THE COURT: Is there anything else you thought was part of the agreement?

[Svoboda]: No.

THE COURT: If the Court accepts your plea, the Court is not bound by any sentencing recommendation made by either attorney and I would be free to sentence you within the boundaries of the law. Do you understand that?

[Svoboda]: Yes.

. . . .

THE COURT: Were you present a moment ago when I explained to [another defendant] all of the rights that a person gives up when pleading guilty or no contest to a crime?

[Svoboda]: Yes.

THE COURT: Did you pay attention to that?

[Svoboda]: Absolutely.

THE COURT: And do you understand that if you plead guilty or no contest to Count I you will not have a trial and you will be giving up all of [] those same rights?

[Svoboda]: Yes.

THE COURT: Is it your intention to give up those rights and enter into the plea agreement?

[Svoboda]: Yes.

. . . .

THE COURT: . . . Mr. Svoboda, have you had enough time to talk to your attorney about your case?

[Svoboda]: Yes.

THE COURT: Have you told your attorney everything you know about this case and discussed all possible defenses you might have?

[Svoboda]: Yes.

THE COURT: Do you want any more time to talk to your attorney before you enter your plea?

[Svoboda]: No.

> THE COURT: Are you satisfied with the job that your attorney has done for you on this case? And I should ask. You probably have a different attorney in Lancaster; correct?
>
> [Svoboda]: Yes.
>
> THE COURT: Collectively with the global plea agreement, are you satisfied with the job that your attorneys have done for you on the global agreement?
>
> [Svoboda]: Well, yes, yes. I think it's -- with the plea agreement that's involved here, I think it would be unfair to really even -- to even answer that question. You know, I -- he has done a good job up until now, but because of the plea agreement, we can't finish out what he was going to do.
>
> THE COURT: Oh, I see. Are you satisfied --
>
> [Svoboda]: Yes.
>
> THE COURT: -- with the global plea agreement, meaning the plea agreement among the other counties as well?
>
> THE COURT: Absolutely. I -- yes.
>
> . . . .
>
> THE COURT: Did anyone threaten you or make any promises to you to get you to plead no contest other than what was contained within the agreement?
>
> [Svoboda]: No.

The State then recited the factual basis set forth previously and Svoboda proceeded to enter a plea of no contest to the charge of possession of a controlled substance. The court found there was a sufficient factual basis, accepted Svoboda's plea, and found him guilty beyond a reasonable doubt. The drug paraphernalia charge was dismissed with prejudice.

At the sentencing hearing on March 14, 2022, Svoboda appeared by Webex from the Nebraska Department of Correctional Services. The attorneys were present in the courtroom. The district court informed Svoboda of his right to appear in person but indicated video might be preferred by Svoboda so he would not have to quarantine again. Svoboda waived personal appearance and waived having the opportunity to review the presentence investigation report with his attorney. The prosecutor noted that Svoboda was currently incarcerated from a Lancaster County case and thus was not a suitable candidate for probation. Defense counsel informed the court that Svoboda had received a sentence of 6 to 12 years' imprisonment from the Lancaster County case. Defense counsel asked the court to consider a concurrent sentence, and said, "[B]ased on what my notes indicate, that the parties had -- were kind of considering a global plea agreement with regard to Lancaster and Cass County in this case." When Svoboda was asked if he had anything to say, he responded:

> Well, due to the fact that, you know, I was forced into the plea from Lancaster County, which really anybody sitting at those tables had nothing to do with the plea, but, you know, no, I -- you know, other than I would like -- I would like to file an appeal in this case. Other than that, no, I don't have anything.
>
> I do want the Court to be aware of that I -- I -- when they sentenced me out of Lancaster County, I have [sic] four days left to graduate from treatment and she wouldn't even continue it, so, you know, just to let the Court know that, you know.

The district court found that there was a substantial and compelling reason Svoboda could not be effectively supervised in the community because he was incarcerated, and he was therefore not a suitable candidate for probation. The court also pointed out that Svoboda was incarcerated on a higher-level felony, burglary, which meant he was not eligible for post-release supervision on this case. The court imposed a consecutive sentence of no less than 6 months' and no more than 18 months' imprisonment, with 4 days' credit for time served. The court explained that this would add 3 months to Svoboda's "parole eligibility date" and 9 months to his "tentative release date assuming good behavior."

Svoboda appeals.

## ASSIGNMENTS OF ERROR

Svoboda claims his trial counsel was ineffective for (1) withdrawing his motion to suppress without consulting him and (2) failing to properly set forth any sentencing recommendations in the "Universal Plea Agreement."

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Svoboda claims his trial counsel was ineffective. He is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha, supra.* To show that counsel's performance was

deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra.*

Keeping those governing principles of law in mind, we turn to address Svoboda's claims.

### WITHDRAWING MOTION TO SUPPRESS

Svoboda contends his trial counsel was ineffective by withdrawing Svoboda's motion to suppress without consulting with him. Whether Svoboda's trial counsel consulted with Svoboda about withdrawing the motion to suppress cannot be established by the record on appeal. Regardless, the record refutes that Svoboda was prejudiced by his trial counsel's alleged failure to consult with him. At the August 16, 2021, hearing, trial counsel moved to withdraw the motion to suppress and requested instead that the case be scheduled for a pretrial conference in 30 days. Trial counsel informed the court that Svoboda was not present because he was in the Douglas County jail with a "new charge there," so efforts were being made "to coordinate something with that case, as well as a pending Lancaster County case, to see if we can come up with some sort of a global plea agreement" for Svoboda. On December 20, when Svoboda appeared to enter his plea, the district court specifically advised Svoboda (and other defendants in the courtroom) that he was giving up his right to a separate hearing to determine whether any evidence seized from him could have been used against him at trial. When the court asked Svoboda if he was present and paying attention to that advisement, Svoboda replied, "Absolutely." And when asked if he understood that by entering his plea he would be giving up those rights and whether it was his intention to give up those rights, Svoboda responded affirmatively. Svoboda also confirmed discussing all possible defenses to his case and denied needing more time to talk to his attorney before entering a plea. Therefore, regardless of whether Svoboda's trial counsel may have been deficient for failing to consult with Svoboda before withdrawing the motion to suppress, Svoboda would be unable to establish prejudice given the colloquy set forth above between him and the court where he specifically gave up any right to have a separate hearing to challenge the evidence seized. Therefore, regardless of his trial counsel's actions, Svoboda cannot establish that he would have insisted on going to trial when he personally informed the court he was willing to give up his right to challenge the seized evidence and wished instead to enter his plea. This claim of ineffective assistance of counsel fails.

### NO SENTENCING RECOMMENDATION IN PLEA AGREEMENT

Svoboda claims his trial counsel was ineffective for failing to properly set forth any sentencing recommendation in the "Universal Plea Agreement." Although he acknowledges that trial counsel did request a concurrent sentence at the sentencing hearing, Svoboda suggests such a request "did not have nearly the weight it would have if it was part of an agreement with several County's Attorney." Brief for appellant at 6.

However, the record refutes that Svoboda expected anything regarding sentencing to be included in the plea agreement. After the prosecutor set forth the terms of the plea agreement as related to Svoboda's case, the district court specifically asked Svoboda if the prosecutor's representation of the agreement was consistent with his understanding of the agreement. After agreeing that it was, the court then asked Svoboda if there was anything else he thought was part of the agreement. Svoboda responded, "No." The court further pointed out to Svoboda that if it accepted his plea, the court was "not bound by any sentencing recommendation made by either attorney" and that it was "free to sentence [Svoboda] within the boundaries of the law." When asked if he understood that, Svoboda responded, "Yes." Based upon his own responses directly to the court, Svoboda cannot now claim he would have insisted on going to trial had he known his trial counsel did not include a sentencing recommendation within the plea agreement. This claim of ineffective assistance of counsel also fails.

CONCLUSION

We conclude the record sufficiently refutes Svoboda's claims of ineffective assistance of trial counsel. We affirm Svoboda's conviction and sentence.

AFFIRMED.