IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WADE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JESSE L. WADE, APPELLANT.

Filed September 16, 2025.    No. A-25-163.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Trevin H. Preble and Coehn W. Preble, of Preble Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob W. Waggoner for appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Jesse L. Wade pled no contest to possession with intent to deliver methamphetamine, 10 to 27 grams. Now, on direct appeal, Wade claims he received ineffective assistance of counsel and accordingly asks us to reverse his conviction. For the following reasons, we affirm.

## BACKGROUND

In August 2024, the State filed an information in the district court for Lancaster County charging Wade with possession with intent to deliver methamphetamine, 28 to 139 grams. As the result of a plea agreement, the State filed an amended information reducing Wade's original charge to possession with intent to deliver methamphetamine, 10 to 27 grams. In exchange, Wade entered a no contest plea to the amended information at the hearing.

The court reviewed with Wade the amended charge, the potential punishment, the nature of the plea agreement, the meaning of his plea, his rights waived by the plea, and confirmed he

- 1 -

had spoken to his counsel and that his counsel had performed adequately. The State then provided the following factual basis.

Investigators with the narcotics task force observed Wade exit a vehicle and walk to the entrance of a hotel. The investigators were familiar with Wade and knew him to have an active warrant for his arrest. They contacted Wade and he told investigators he had drugs on his person. During a search incident to arrest, 56.4 grams of methamphetamine, a digital scale, $27 in cash, and a cellphone were found on Wade's person. He later waived his *Miranda* rights and informed law enforcement he was involved in the sale of methamphetamine.

Following the State's recitation of facts, the court found that Wade understood his rights and that he waived them freely, voluntarily, knowingly, and intelligently and that the factual basis was sufficient. It then accepted his plea and adjudged him guilty of the offense in the amended information. A presentence investigation report was ordered and sentencing was scheduled.

At the sentencing hearing, Wade was sentenced to 10 to 20 years' incarceration and was given 71 days' credit for time previously served. He now appeals.

ASSIGNMENT OF ERROR

Wade assigns as error that he was denied effective assistance of counsel when trial counsel failed to provide him with discovery until after his plea hearing.

STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

In general, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. See *id.* Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Blaha, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* When a claim of ineffective assistance of trial counsel is raised in a direct

appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *Id*. Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

Through new counsel on appeal, Wade assigns that his trial counsel was ineffective by not providing him with discovery until after he entered his plea. He argues that, prior to the plea hearing, his trial counsel had not provided him with discovery, nor sufficiently advised him what the discovery information contained, and as such, he could not intelligently understand whether he should accept the plea offer. He further asserts that, had his counsel not been ineffective, he would have been able to provide mitigating information as to his responsibility, if any, for the charged offense, which could have been utilized in plea negotiations.

Wade has failed to allege what discovery materials his counsel had that were not timely shared with him. Because Wade implies he did receive the discovery after the plea hearing, we see no reason why, on direct appeal, he could not identify what evidence he became aware of, or what additional mitigating evidence he could have provided, which may have persuaded him to proceed to trial rather than enter a plea. Without a specific allegation as to the nature of this evidence, Wade has failed to sufficiently allege this assigned error.

Furthermore, our review of the record reveals that Wade could not prove prejudice because the factual basis provided for his plea was overwhelmingly in support of his conviction, such that a rational defendant would not have insisted on going to trial. Law enforcement recovered 56.4 grams of methamphetamine from Wade's person during a search incident to arrest on his outstanding warrant and, after waiving his *Miranda* rights, Wade admitted to participating in the sale of methamphetamine. Accordingly, this allegation of ineffective assistance of trial counsel fails.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.