IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FIERRO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALAN A. FIERRO, APPELLANT.

Filed February 9, 2021.    No. A-20-496.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Paul E. Cooney for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Pirtle, Chief Judge, and Moore, and Riedmann, Judges.

Moore, Judge.

## I. INTRODUCTION

Alan A. Fierro appeals from his plea-based conviction in the district court for Lancaster County for Refusal to Submit to a Chemical Test -- 3 prior convictions, a Class IIA felony. Fierro was sentenced to a term of incarceration of 2 to 4 years. On appeal, Fierro asserts that the sentence imposed is excessive and that he received ineffective assistance of counsel. For the reasons set forth herein, we affirm.

## II. BACKGROUND

On November 14, 2019, the State filed an information, charging Fierro with Driving Under the Influence -- 4th offense (Count 1), a Class IIIA felony, and Refusal to Submit to a Chemical Test -- 3 prior convictions (Count 2), a Class IIA felony.

- 1 -

On January 29, 2020, pursuant to a plea agreement, Fierro pled no contest to Count 2 and, in exchange, the State agreed to dismiss Count 1. Fierro was advised by the court of the charge to which he was pleading no contest, the possible penalties, and the constitutional rights he was waiving by entering his plea, which Fierro stated he understood. Fierro stated that other than the plea agreement, he was not threatened or promised anything in order to get him to waive his rights and enter a no contest plea, nor was he promised a specific sentence. Fierro also acknowledged that he understood the district court would determine the appropriate sentence, within the limits of the statute. Fierro stated he was entering his plea and waiving his rights freely and voluntarily. The following factual basis was provided to support Fierro's plea:

On or about July 4th, 2019. . . a Game and Parks officer was on patrol at Branched Oak State Recreation Area in Lancaster County, when at approximately 10 o'clock p.m., he observed a vehicle, a dark GMC Yukon, make a left-hand turn from the campground entrance onto West Branched Oak Road. That vehicle pulled out in front of another vehicle that was travelling west, forcing that vehicle to slow abruptly.

The Yukon, then, pulled over of its own volition to the side of the road and stopped. The conservation officer pulled in behind the driver to see if he needed assistance, and then he had contact with the driver, who was identified as Alan Fierro.

Upon contact, he could smell the odor of alcoholic beverage coming from inside the vehicle. Mr. Fierro's eyes appeared to be bloodshot and watery. He admitted to consuming alcoholic beverages prior to speaking with the officer, and he had slurred speech at that time.

As he exited his vehicle, he appeared to be unsteady on his feet. The odor of alcoholic beverage continued after he entered the officer's vehicle. Horizontal gaze nystagmus was conducted, and all six clues were observed. Due to safety concerns in the area, the other standardized field sobriety tests were not conducted.

Mr. Fierro indicated that he knew that he would not pass the breath test and ultimately refused to submit to a preliminary breath test. He was subsequently placed under arrest for driving under the influence, where he was advised by reading a post-arrest chemical test advisement -- or having a post-arrest chemical test advisement form read to him. He ultimately refused to provide a breath sample on the DataMaster. All these events occurred at Lancaster County, Nebraska.

The court then found beyond a reasonable doubt that Fierro understood the nature of the charges and possible sentences, that his plea was made freely, knowingly, intelligently, and voluntarily, and that the factual basis was sufficient to support Fierro's plea. The court accepted Fierro's plea of no contest. The court then ordered a presentence investigation (PSI).

Fierro was sentenced on June 12, 2020. The district court proceeded with an enhancement hearing, where the State offered exhibits of Fierro's three prior convictions, which were received without objection. The district court reviewed the exhibits, found each was proper for enhancement, and found Fierro guilty of Refusal to Submit to a Chemical Test -- 3 prior convictions, a Class IIA felony.

During sentencing, defense counsel informed the district court of certain additions and corrections to the PSI, including that "Mr. Fierro's currently in intensive outpatient program" and

that although the probation officer provided an addendum to the PSI stating Fierro was on probation, Fierro had since been released from probation the previous week. When given the opportunity to provide further information to the district court, which may be relevant to sentencing, Fierro declined to do so.

Defense counsel, advocating for the statutory minimum sentence of one year imprisonment, made the following argument to the district court:

> Judge, I do not believe that at the time of this offense Mr. Fierro was yet on probation, however, he did apparently have a case pending, so that creates a problem for Mr. Fierro as to what he can do in reference to sentencing, and I'm asking, Judge, that you sentence Mr. Fierro to the statutory mandatory -- the statutory minimum in this case, which would be one year, and allow Mr. Fierro a time to self-surrender. That way, Mr. Fierro can make an application for work release, and he can continue working.
>
> As you know, he has a good job. He's an electrician apprentice, making $21.00 an hour. He has a family, children that he is the sole provider for, so I believe that would be a reasonable sentence and allow Mr. Fierro a time for him to surrender.

Prior to imposing a sentence, the district court stated it had reviewed the PSI and made the following comments:

> As you know, Mr. Fierro, driving under the influence of alcohol is a very dangerous offense, and repeated violations are also a very dangerous offense to both -- well, to society, basically. I don't think that needs much explanation. I do not consider you to be a candidate for probation, at least on the nature of the offense and the number of times that you have committed it.

Fierro was sentenced to a term of 2 to 4 years' imprisonment, along with the statutorily required 15-year license revocation.

Fierro now appeals.

### III. ASSIGNMENTS OF ERROR

Fierro assigns that he was denied effective assistance of counsel, specifically arguing that trial counsel improperly implied ineligibility for probation, failed to introduce evidence regarding Fierro's participation in substance abuse treatment, and failed to introduce evidence regarding mitigating circumstances and factors favoring probation. Fierro also assigns that the district court abused its discretion in imposing an excessive sentence.

### IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Martinez*, 306 Neb. 516, 946 N.W.2d 445 (2020). We determine as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *State v. Garcia,* 302 Neb. 406, 923 N.W.2d 725 (2019).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id*. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Martinez, supra*.

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. Garcia, supra*. An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*.

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal depends upon the sufficiency of the record to address the claim to determine whether a defense counsel's performance was deficient and whether the defendant was prejudiced by the alleged deficient performance. *State v. Thiesen*, 306 Neb. 591, 946 N.W.2d 677 (2020). The record on direct appeal is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. When a claim of ineffective assistance of trial counsel is raised on direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance. *State v. Devers*, 306 Neb. 429, 945 N.W.2d 470 (2020).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

### (a) Eligibility for Probation

Although Fierro asserts that his trial counsel implied to the district court that Fierro was ineligible for a probationary sentence, we find that the record does not support this claim. Defense counsel never stated Fierro was ineligible for probation; instead he indicated because this offense was committed while another offense was pending, that could create problems for him in terms of sentencing. Here, Fierro was convicted of his fourth DUI-related offense in 10 years, which was a

Class IIA felony. It was likely a strategic decision by trial counsel to recommend the statutory minimum sentence when probation was unlikely to be imposed.

Further, Fierro is not able to establish that he was prejudiced by trial counsel's conduct. The fact that Fierro had three prior convictions for similar conduct, as well as the danger his conduct posed to the safety of the community, was particularly concerning for the district court. The district court found that due to the dangerous nature of the offenses and repeated violations, Fierro was not a candidate for probation. Since the district court refused to follow trial counsel's recommendation of 1 year's imprisonment, which was more serious than a request for probation, there is no reasonable probability the district court would order a sentence of probation had trial counsel advocated for it. Therefore, this claim of ineffective assistance of counsel fails.

### (b) Evidence of Substance Abuse Treatment

Fierro asserts his trial counsel was deficient by failing to introduce evidence of Fierro's participation in substance abuse treatment and his efforts at rehabilitation. While it is true that no detailed evidence was introduced regarding Fierro's participation in treatment, trial counsel did advise the district court of Fierro's participation in an intensive outpatient program when discussing changes to the PSI. The PSI also contained a substance abuse evaluation which recommended that Fierro engage in such a program. Fierro was offered the opportunity to tell the court anything he wanted it to know before sentence was imposed and again he did not provide further details regarding his treatment. The record is sufficient to show that trial counsel's performance was not deficient in this regard.

Further, Fierro cannot establish that there was a reasonable probability that his sentence would have been different had further details regarding his treatment been known to the court. As noted above, the district court was concerned about the serious nature of Fierro's repeated actions of driving while intoxicated and found that he was not an appropriate candidate for probation. We find this claim of ineffective assistance of counsel to be without merit.

### (c) Evidence of Mitigating Circumstances

Fierro asserts his trial counsel failed to adequately advocate certain mitigating circumstances favoring probation during the sentencing hearing; including his age, his decision to plead no contest, his expression of remorse, his employment history, his efforts towards rehabilitation, and the excessive hardship a term of imprisonment would cause for his dependents. However, the record reflects that trial counsel advised the court of Fierro's participation in a substance abuse treatment program, Fierro' current employment as an electrician's apprentice, and that Fierro was the sole provider for his children.

The record also reflects that the district court reviewed the contents of the PSI, which included Fierro's age (30); the plea agreement in which a second felony offense was dismissed in exchange for Fierro's no contest plea to the remaining charge; information regarding his employment as an electrician's apprentice earning $21 per hour; his responsibility for one dependent and the fact his girlfriend was expecting another child in July 2020; his completion of a substance abuse evaluation; his expected commencement of intensive outpatient treatment, which involved attendance three times per week; and his expression of feeling bad about the incident, as it could have resulted in an accident. In addition, at sentencing, Fierro himself

acknowledged that he had made some "poor choices behind the wheel" that he was not proud of, and he asked the court to give him an opportunity to turn himself in after his "wife," who was "due any day," delivered their child. All of the mitigating factors noted by Fierro were either presented to the court at sentencing or included in the PSI. Therefore, Fierro has not shown that his trial counsel's performance at the sentencing hearing was deficient nor can Fierro establish that he was prejudiced in any way. This claim of ineffective assistance of counsel also fails.

## 2. EXCESSIVE SENTENCE

Fierro's second assignment of error is that the district court imposed an excessive sentence. Fierro was convicted of Refusal to Submit to a Chemical Test -- 3 prior convictions, a Class IIA felony, in violation of Neb. Rev. Stat. §§ 60-6,197 and 60-6,197.03(8) (Reissue 2016). A Class IIA felony is punishable by a minimum of 1 year's imprisonment and a maximum of 20 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). This offense also requires a 15-year license revocation. Neb. Rev. Stat. § 60-6,197.03(8). Here, Fierro was sentenced to 2 to 4 years' imprisonment and a 15-year license revocation, which is well within the statutory limits. Nevertheless, Fierro argues the district court failed to give proper weight to certain sentencing factors, including his remorse for committing the offense, his willingness to enter a plea, the hardship a sentence of imprisonment would cause to his dependents, and his rehabilitative efforts.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Becker,* 304 Neb. 693, 936 N.W.2d 505 (2019). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors. *State v. Majikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

According to the presentence investigation, Fierro was 30 years old at the time of the investigation. He was unmarried, with an 11-year-old daughter and another child expected to be born in July 2020. He dropped out of high school after the 11th grade in order to work and support his daughter, and is currently employed as an electrician's apprentice earning $21 per hour. The PSI shows that Fierro's prior criminal history is extensive. He had two juvenile charges, including his first DUI charge. His adult convictions include leaving the scene of a property damage accident, racing on streets, possession of marijuana (less than an ounce) (four times), possession of drug paraphernalia (four times), liquor in possession of a minor (twice), driving under the influence (three times), driving under suspension (twice), resisting arrest, open container, unlawful entry without a park permit, assault -- 3rd degree, and criminal mischief. Fierro scored in the medium-high risk to reoffend on the overall LS/CMI assessment.

Upon a review of the record, we cannot say that the district court abused its discretion in imposing a sentence of 2 to 4 years. The district court reviewed the presentence investigation report

before imposing sentence and found that Fierro was not a suitable candidate for probation. The decision to impose a sentence of 2 to 4 years is not clearly untenable or unreasonable, nor does the record reflect it was based on any inappropriate factors.

## VI. CONCLUSION

For the foregoing reasons, we conclude that the record refutes Fierro's allegations that he received ineffective assistance from his trial counsel and that the district court did not abuse its discretion in sentencing Fierro to 2 to 4 years' imprisonment.

AFFIRMED.